## IN RE PETITION OF MORITZ TO BE ADMITTED TO THE PRACTICE OF LAW.

[No. 30,465. Filed September 18, 1963. Petition to reconsider denied October 9, 1963.]

*Christopher D. Moritz, pro se.*

PER CURIAM.—Petitioner asks this court to review the final action of the State Board of Law Examiners, which board refused to recommend the admission of the applicant-petitioner to the practice of law, petitioner

having failed to attain a passing grade in the examination held by the board.

Petitioner submits that he meets the requirement of Rule 3-12 in that he is a person of good moral character as evidenced by the fact that he was elected prosecuting attorney of the Fortieth Judicial Circuit, Jackson County, Indiana by a majority of voters of that circuit. The fact that the Board of Law Examiners accepted petitioner's application to take the bar examination is also evidence that the board also accepted the fact of good moral character.

Furthermore, in support of his request, petitioner asserts that he "has fulfilled to the best of his knowledge all prerequisites necessary for admission," and, in effect, asks this court to admit the petitioner under this court's "*EXCLUSIVE* jurisdiction to admit attorneys to practice law in this state," on the basis of his moral character and his best, but unsuccessful, efforts to pass the prescribed bar examination.

Rule 3-13A relied on by the petitioner provides that:

"Any applicant aggrieved by the final action of the State Board of Law Examiners, in refusing to recommend to the Supreme Court of Indiana the admission or reinstatement of the applicant to practice law in Indiana under Rules 3-5, 3-8 and 3-12, may, . . . file a petition with the Supreme Court of Indiana requesting a review by that court of such final determination, and *setting forth specifically therein the reasons, in fact or law, assigned as error in the Board's determination,* and the court may order further consideration of the application. . . . " [Our italics.]

We do not consider that the reasons stated in the petition are sufficient to meet the requirements of the above cited rule.

The petition is, therefore, denied.

NOTE.—Reported in 192 N. E. 2d 458.